[No. 34120.  Department Two.  January 30, 1958.]

LEE GRANT TOWNE, *as Administrator, Respondent*, v. THE
DEPARTMENT OF LABOR AND INDUSTRIES, *Defendant*, HY-
GRADE FOOD PRODUCTS CORPORATION, *Appellant*.[1]

*Holman, Mickelwait, Marion, Black & Perkins, Fred S.
Merritt*, and *Richard K. Quinn*, for appellant.

*Annon W. May*, for respondent.

PER CURIAM.—Maude Todd Rebholz claims a pension as
the widow of Charles Todd Rebholz, who died as the result
of a coronary occlusion.

Her claim alleged that her husband's death, July 27, 1954,
resulted from an injury he had sustained May 27, 1954, while
in the employ of Carstens Packing Co. (now Hygrade Food
Products Corporation).

[1]Reported in 320 P. (2d) 1094.

The department of labor and industries rejected the claim for the reason that there had been no injury within the contemplation of the workmen's compensation act.

An appeal to the board of industrial insurance appeals sustained the order of the department rejecting the claim, but on a different theory. The board concluded that there had been an industrial injury May 27, 1954, but held that the evidence of the causal relationship between the exertions of Mr. Rebholz on that date and his total and permanent disability and eventual death July 27, 1954, was legally insufficient.

An appeal to the superior court of Pierce county followed, and resulted in an order awarding Mrs. Rebholz a pension, from which order this appeal is taken. She has since died, and Lee Grant Towne, as administrator of her estate, has been substituted as respondent on this appeal.

It was not disputed that prior to May 27, 1954, Mr. Rebholz had a severely damaged heart, with a condition "known as stenosis with insufficiency of the aortic and mitral valves." It was likewise not disputed that on May 27, 1954, he suffered an occlusion of the artery which feeds the left side of the heart. As a result, that side of the heart was without a blood supply. This occurred while he was at work and pushing a hand truck on which was a case weighing a hundred and fifty to two hundred pounds. He was totally and permanently disabled from that date until his death on July 27, 1954, as the result of another coronary occlusion. (Our first question is whether the effect of his exertion on May 27, 1954, constituted an injury within the purview of our workmen's compensation act.)

The exertion in connection with his employment on the 27th day of May, 1954, may, or may not, have contributed to the occurrence of the occlusion on that day; neither the doctor who testified would say more than that it might have, or that it was a possibility. Dr. Charles P. Larson testified that the unusual exertion did make the effect of the occlusion more serious and was a contributing factor to the death of Mr. Rebholz. (Our second question, assuming that the

effect of the unusual exertion on May the 27th constituted an industrial injury, is whether Dr. Larson's testimony made a *prima facie* case on the issue of causal relationship between the death and the injury.)

· "The word 'injury' as used in this act means a sudden and tangible happening, of a traumatic nature, producing an immediate or prompt result, and occurring from without, and such physical condition as results therefrom." Laws of 1939, chapter 41, § 2, p. 121 (*cf.* RCW 51.08.100).

The evidence pertinent to that issue was as follows:

Mr. Rebholz who was about sixty years of age, had been with Carstens Packing Company for more than twenty years, and for the last two years or more of that time he had been employed in the lard department at what was described by Mr. Joe Dechaux, under whose direction he worked, as light work. The most strenuous portions of this work consisted of picking up cases of lard, weighing forty-eight to fifty pounds, from waist-high rollers and placing them on a "float" (a wide platform with wheels under it) approximately one foot high; washing and painting empty drums, weighing not more than fifty to sixty pounds, which he had to lift about thirty inches.

On May 27, 1954, he was not doing his usual work, but was moving specially packaged material with a hand truck. It was in packages and crates weighing from five pounds to two hundred pounds. He had helped load a crate weighing between one hundred fifty and two hundred pounds on his hand truck, and while pushing the hand truck so loaded, he slumped down and had to be taken to the hospital in an ambulance.

Mr. Harry Llewellyn Maunder, his supervisor that day, testified that it took "quite a bit of exertion" on the part of two men to get the crate on the hand truck, and "quite a little bit of exertion all right to push the truck when you got that weight on it."

■ This case was argued to Department Two on June 10, 1957. The death of Judge E. W. Schwellenbach leaves the decision of the case to the other four members of the

department. All of them agree that the evidence establishes a "sudden and tangible happening of a traumatic nature"; two because the exertions of Mr. Rebholz were unusual; and, two because irrespective of whether they were unusual, they nevertheless constitute "a sudden and tangible happening of a traumatic nature." It is because of this concurrence of all participating judges in the end result, but an even division of opinion as to the reason, that this is a *per curiam*.

There being an industrial injury and a death, the remaining issue is whether there was a causal relationship between them. The testimony of Dr. Larson, as we understand it, is that he could not tell whether the coronary occlusion would have occurred on May the 27th had there been no exertion, but that the effect of the exertion on the already severely damaged heart, if it did not precipitate the occlusion, caused that which otherwise would not have been fatal to be fatal. There is nothing equivocal about his statement that

"My opinion is the exertion on top of the damaged heart muscle plus the development of the occlusion lead to a condition from which this man could not recover and did not recover."

This was sufficient, if believed, and there was no attempt to contradict Dr. Larson's testimony, to establish that the unusual exertion of Mr. Rebholz on May the 27th contributed in a material degree to cause his death.

The test is not whether the injury occasioned by the workman's exertion in the course of his employment was the sole cause of his death, but whether it contributed in any material degree. *Guiles v. Department of Labor & Industries* (1942), 13 Wn. (2d) 605, 613, 126 P. (2d) 195.

Mrs. Rebholz made out a *prima facie* case of causal relationship between her husband's unusual exertion in loading and pushing the hand truck, its effect upon his already damaged heart, and his death.

The case was properly submitted to the trier of the facts, and the judgment of the trial court is affirmed.